# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARY D GIESE | § | Case No. 16-27301 |
| NANCY L GIESE | § | |
| | § | |
| | § | |
| Debtors | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 08/25/2016 . The undersigned trustee was appointed on 08/25/2016 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $    20,000.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 25.89 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 19,974.11 |

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 01/17/2017 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,750.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 2,750.00 , for a total compensation of $ 2,750.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 78.48 , for total expenses of $ 78.48 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/06/2017                By: /s/Peter N. Metrou, Trustee
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 16-27301 | BWB | Judge: | Bruce W. Black | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | GARY D GIESE | | | | Date Filed (f) or Converted (c): | 08/25/2016 (f) |
| | NANCY L GIESE | | | | 341(a) Meeting Date: | 09/19/2016 |
| For Period Ending: | 02/06/2017 | | | | Claims Bar Date: | 01/17/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1730 DEER RUN DRIVE MONTGOMERY IL 60538-0000 KENDALL | 185,000.00 | 185,000.00 | | 20,000.00 | FA |
| 2. 2000 FORD FOCUS MILEAGE: 89500 | 1,462.00 | 0.00 | | 0.00 | FA |
| 3. 2014 FORD FUSION MILEAGE: 11500 | 12,975.00 | 0.00 | | 0.00 | FA |
| 4. FURNISHINGS AND APPLIANCES | 500.00 | 0.00 | | 0.00 | FA |
| 5. ELECTRONICS | 200.00 | 0.00 | | 0.00 | FA |
| 6. COLLECTIBLES | 350.00 | 0.00 | | 0.00 | FA |
| 7. CLOTHES | 300.00 | 0.00 | | 0.00 | FA |
| 8. EARTHMOVER CREDIT UNION | 0.00 | 0.00 | | 0.00 | FA |
| 9. EARTHMOVER CREDIT UNION | 0.04 | 0.00 | | 0.00 | FA |
| 10. EARTHMOVER CREDIT UNION | 25.00 | 0.00 | | 0.00 | FA |
| 11. EARTHMOVER CREDIT UNION | 25.00 | 0.00 | | 0.00 | FA |
| 12. OLD SECOND BANK | 3,500.00 | 0.00 | | 0.00 | FA |
| 13. PENTEGRA | 0.00 | 0.00 | | 0.00 | FA |
| 14. INSURANCE: NORTHWESTERN MUTUAL | 0.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $204,337.04    $185,000.00    $20,000.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Possible liquidation of equity in residence 10/14/2016-asset notice.  Motion to approve settlement with Debtors for equity in residence-approved dckt# 27. Claims review in progress 1-24-2017.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Page: 2

Case 16-27301   Doc 32   Filed 03/02/17   Entered 03/02/17 08:44:57   Desc Main
RE PROP #     1  --   Settlement of equity discovered by trustee.     Document      Page 4 of 11

Initial Projected Date of Final Report (TFR): 10/01/2017    Current Projected Date of Final Report (TFR):                    Exhibit A

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 16-27301 | Trustee Name: Peter N. Metrou, Trustee |
| Case Name: GARY D GIESE | Bank Name: Associated Bank |
| NANCY L GIESE | Account Number/CD#: XXXXXX5785 |
| | Checking |
| Taxpayer ID No: XX-XXX4321 | Blanket Bond (per case limit): $1,000,000.00 |
| For Period Ending: 02/06/2017 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/05/16 | 1 | Gary D. Giese<br>Debtor's address | Settlement on Real Estate Equity<br>Court approved settlement on equity in Residence see dckt# 27 | 1110-000 | $20,000.00 | | $20,000.00 |
| 01/09/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $25.89 | $19,974.11 |

| | | |
|---|---|---|
| COLUMN TOTALS | $20,000.00 | $25.89 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $20,000.00 | $25.89 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $20,000.00 | $25.89 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $20,000.00    $25.89

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5785 - Checking | $20,000.00 | $25.89 | $19,974.11 |
|  | $20,000.00 | $25.89 | $19,974.11 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $20,000.00 |
| Total Gross Receipts: | $20,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 16-27301  
Debtor Name: GARY D GIESE  
Claims Bar Date: 1/17/2017  

Date: February 6, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL 60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $2,750.00 | $2,750.00 |
| 100 2200 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL 60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $78.48 | $78.48 |
| 1 300 7100 | DISCOVER BANK<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured<br>Payment Status:<br>Valid To Pay | | $5,796.96 | $5,796.36 | $5,796.36 |
| 2 300 7100 | NAVIENT SOLUTIONS INC.<br>220 LASLEY AVE<br>WILKES-BARRE, PA 18706 | Unsecured<br>Payment Status:<br>Valid To Pay | | $13,505.00 | $13,519.16 | $13,519.16 |
| 3 300 7100 | CAPITAL ONE BANK (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured<br>Payment Status:<br>Valid To Pay | | $1,132.00 | $1,164.98 | $1,164.98 |
| 4 300 7100 | CAPITAL ONE NA<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | Unsecured<br>Payment Status:<br>Valid To Pay | | $1,289.00 | $1,332.22 | $1,332.22 |
| 5 300 7100 | PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE OF CITIBANK, N.A.<br>RESURGENT CAPITAL SERVICES<br>PO BOX 19008<br>GREENVILLE, SC 29602 | Unsecured<br>Payment Status:<br>Valid To Pay | | $361.00 | $591.96 | $591.96 |
| 6 300 7100 | PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE OF CITIBANK, N.A.<br>RESURGENT CAPITAL SERVICES<br>PO BOX 19008<br>GREENVILLE, SC 29602 | Unsecured<br>Payment Status:<br>Valid To Pay | | $4,507.00 | $4,771.12 | $4,771.12 |
| 7 300 7100 | WELLS FARGO BANK, N.A.<br>WELLS FARGO CARD SERVICES<br>PO BOX 10438, MAC F8235-02F<br>DES MOINES, IA 50306-0438 | Unsecured<br>Payment Status:<br>Valid To Pay | | $3,272.00 | $3,713.34 | $3,713.34 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 16-27301  
Debtor Name: GARY D GIESE  
Claims Bar Date: 1/17/2017  

Date: February 6, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 8<br>300<br>7100 | PORTFOLIO RECOVERY ASSOCIATES, LLC SUCCESSOR TO SYNCHRONY BANK<br>(WALMART MASTER CARD)<br>POB 41067<br>NORFOLK, VA 23541 | Unsecured<br>Payment Status:<br>Valid To Pay | | $3,888.00 | $4,148.18 | $4,148.18 |
| 9<br>300<br>7100 | PORTFOLIO RECOVERY ASSOCIATES, LLC SUCCESSOR TO SYNCHRONY BANK<br>(CAR CARE ONE)<br>POB 41067<br>NORFOLK, VA 23541 | Unsecured<br>Payment Status:<br>Valid To Pay | | $1,280.41 | $1,280.41 | $1,280.41 |
| 10<br>300<br>7100 | JOHN F MAZEIKA DDS<br>8 EAST MERCHANTS DRIVE<br>OSWEGO, IL 60543 | Unsecured<br>Payment Status:<br>Valid To Pay | | $1,530.00 | $1,345.00 | $1,345.00 |
| | Case Totals | | | $36,561.37 | $40,491.21 | $40,491.21 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2     Printed: February 6, 2017

**UST Form 101-7-TFR (5/1/2011)** *(Page: 8)*

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-27301
Case Name: GARY D GIESE
           NANCY L GIESE
Trustee Name: Peter N. Metrou, Trustee

| Balance on hand | $ | 19,974.11 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou | $ 2,750.00 | $ 0.00 | $ 2,750.00 |
| Trustee Expenses: Peter N. Metrou | $ 78.48 | $ 0.00 | $ 78.48 |

| Total to be paid for chapter 7 administrative expenses | $ 2,828.48 |
| Remaining Balance | $ 17,145.63 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 37,662.73 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 45.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ 5,796.36 | $ 0.00 | $ 2,638.74 |
| 2 | NAVIENT SOLUTIONS INC. | $ 13,519.16 | $ 0.00 | $ 6,154.48 |
| 3 | CAPITAL ONE BANK (USA), N.A. | $ 1,164.98 | $ 0.00 | $ 530.35 |
| 4 | CAPITAL ONE NA | $ 1,332.22 | $ 0.00 | $ 606.48 |
| 5 | PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE | $ 591.96 | $ 0.00 | $ 269.48 |
| 6 | PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE | $ 4,771.12 | $ 0.00 | $ 2,172.01 |
| 7 | WELLS FARGO BANK, N.A. | $ 3,713.34 | $ 0.00 | $ 1,690.47 |
| 8 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ 4,148.18 | $ 0.00 | $ 1,888.42 |
| 9 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ 1,280.41 | $ 0.00 | $ 582.90 |
| 10 | JOHN F MAZEIKA DDS | $ 1,345.00 | $ 0.00 | $ 612.30 |

Total to be paid to timely general unsecured creditors    $ 17,145.63

Remaining Balance    $ 0.00

      Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE